UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JACQUELINE C. MELCHER,<br><br>    Appellant,<br><br>    v.<br><br>JOHN W. RICHARDSON, Trustee in Bankruptcy<br><br>    Appellee. | Case No.   5:15-cv-06134-RMW<br><br>Bankr. Case No. 01-53251<br><br>**ORDER CONSOLIDATING APPEALS AND GRANTING EXTENSION OF TIME TO FILE DESIGNATIONS OF RECORD ON APPEAL** |
| JACQUELINE C. MELCHER,<br><br>    Appellant,<br><br>    v.<br><br>JOHN W. RICHARDSON, Trustee in Bankruptcy<br><br>    Appellee. | Case No.   5:15-cv-06135-RMW<br><br>Re: Dkt. Nos. 3, 4 |
| JACQUELINE C. MELCHER,<br><br>    Appellant,<br><br>    v.<br><br>JOHN W. RICHARDSON, Trustee in Bankruptcy<br><br>    Appellee. | Case No.   5:16-cv-00165-RMW<br><br>Re: Dkt. No. 4 |
| CAPTION CONTINUED ON NEXT PAGE | |

1

Case Nos. 5:15-cv-06134-RMW; 5:15-cv-06134-RMW; 5:16-cv-00165-RMW; 5:16-cv-00166-RMW
ORDER CONSOLIDATING APPEALS AND GRANTING EXTENSION OF TIME TO FILE DESIGNATIONS OF RECORD ON APPEAL

|   |   |
|---|---|
| JACQUELINE C. MELCHER,<br><br>    Appellant,<br><br>    v.<br><br>JOHN W. RICHARDSON, Trustee in Bankruptcy<br><br>    Appellee. | Case No.   5:16-cv-00166-RMW<br><br>Re: Dkt. No. 3 |

In this bankruptcy appeal, pro se appellant Jacqueline C. Melcher has filed motions to consolidate four separate appeals from orders of the bankruptcy court and to extend the deadline for filing designations of the record on appeal. For the reasons set forth below, appellant's motion to consolidate is GRANTED IN PART and DENIED IN PART, and appellant's motion for an extension of time is GRANTED.

## I.   MOTION TO CONSOLIDATE

On December 18, 2015, appellant filed a notice of appeal in the bankruptcy court aimed at four separate bankruptcy court orders. Bankr. Dkt. No. 3907. Appellant's notice resulted in four separate appeals being opened in this court, summarized in the table below:

| Dist. Ct. Case No. | Bankr. Ct. Dkt. No. | Bankr. Ct. Order Title |
|---|---|---|
| 15-cv-6134-RMW | 3896 | Order Denying Request for Leave to File Objection to Ch. 7 Trustee's Request for Retroactive Authority for Payment of Miscellaneous Ch. 7 Administrative Expenses |
| 15-cv-6135-RMW | 3898 | Order Authorizing Payment of Chapter 7 Administrative Expenses |
| 16-cv-0165-RMW | 3900 | Order Denying Request for Leave to File Objection to Application for Compensation and Expense Reimbursement of Trustee's Professionals |
| 16-cv-0166-RMW | 3903 | Order Approving Fifth Interim Application For Compensation And Expense Reimbursement |

At the time appellant filed her notice of appeal on December 18, 2015, appellant attempted to file with this court a motion to consolidate her appeals of the above orders. *See* Case No. 16-cv-0165 Dkt. No. 4 at 2. At the time, however, the bankruptcy court had not yet transferred these appeals to the district court, so no case numbers had been assigned, and the consolidation motion was not placed in the district court's docket.

On January 15, 2016, appellant filed a "Renewed Corrected Motion Requesting the Court to Combine the Related Appeals from the Bankruptcy Court's Orders Approving the Trustee and His Attorney's Fees and Expenses and Denying the Debtor's Right to Object" in two of the appeals above. Case No. 16-cv-0165, Dkt. No. 4; Case No. 16-cv-0166, Dkt. No. 3. It is unclear why appellant only filed her motion to consolidate in the dockets of two of the four cases, but the court interprets it as a motion to consolidate all four appeals. Appellant argues:

> The appeals are both related to the Trustee and his attorneys fees and expenses that were automatically approved without a hearing, without full notice to the Appellant and in violation of the previous Bankruptcy Court orders allowing the Debtor the right to object to the Trustee's Applications for fees and expenses at the end of the Bankruptcy Case.
>
> Combining the appeals would save the Court time and expense.

*Id.* at 2.

On January 22, 2016, appellee John W. Richardson, the bankruptcy trustee, filed a response partially opposing appellant's motion to consolidate.[1] Appellee argues that the four appeals should be consolidated into *two* appeals. Appellee suggests that the first consolidated appeal should cover: (a) the bankruptcy court's order retroactively authorizing the trustee to pay certain Chapter 7 administrative expenses, Bankr. Dkt. No. 3898; and (b) the bankruptcy court's order denying appellant leave to file objections to the trustee's request for retroactive authorization, Bankr. Dkt. No. 3896. Appellee suggests that the second consolidated appeal should cover: (a) the bankruptcy court's order approving compensation and expense reimbursement to two of the trustee's professionals, Bankr. Dkt. No. 3903; and (b) the bankruptcy court's order denying appellant leave to file objections to the trustee's request for said compensation and reimbursement, Bankr. Dkt. No. 3900.

To understand appellee's suggestion for consolidation, it is helpful to note appellant's litigation history. Because the bankruptcy court found that Ms. Melcher's "multiple, largely

---

[1] Case No. 15-cv-6134, Dkt. No. 3; Case No. 15-cv-6135, Dkt. No. 5; Case No. 16-cv-0165, Dkt. No. 6; Case No. 16-cv-0166, Dkt. No. 4.

duplicative filings are an abuse of the bankruptcy process," the bankruptcy court issued a pre-filing order requiring Ms. Melcher to obtain court permission to file further pleadings. *See* Bankr. Dkt. No. 3925 (Second Amended Order Requiring Debtor to Obtain Court Permission to File Further Pleadings) at 4. *See also In re Melcher*, No. BAP NC-13-1168, 2014 WL 1410235, at *11 (B.A.P. 9th Cir. Apr. 11, 2014). While appellee does not explicitly explain as much, it appears that bankruptcy court order number 3896 denied appellant leave to object to a request for certain administrative expenses, and order number 3898 granted authority for payment of those expenses. Moreover, it appears that bankruptcy court order 3900 denied appellant leave to object to another set of expenses, and order number 3903 approved those expenses.

Accordingly, this court agrees with appellee that case numbers 15-cv-6134 and 15-cv-6135 should be consolidated into a single case, and case numbers 16-cv-0165 and 16-cv-0166 should be consolidated into their own case.

## II. MOTION FOR EXTENSION OF TIME

On January 6, 2016, appellant filed an application for an order extending the deadline for filing designations of the record on appeal. Case No. 15-cv-6135, Dkt. Nos. 3-4.[2] Appellant argues, among other things, that she has had to move five times since November 13, 2015 and that she has needed additional time to respond to the trustee's arguments in yet another appeal from a bankruptcy court order, Dist. Ct. Case No. 14-cv-5586.

Under Federal Rule of Bankruptcy Procedure 8009(a)(1)(B), an appellant must file and serve designations of the record on appeal within 14 days after the appellant's notice of appeal becomes effective. In this case, appellant filed her notice of appeal on December 18, 2015. The 14-day period thus fell on a federal holiday, January 1, 2016, which meant that appellant's designations were due January 4, 2016, the first working day following the holiday. *See* Fed. R. Bankr. P. 9006(a)(1). Appellant did not file her motion for an extension of time, however, until

---

[2] Again, it is unclear why appellant did not file her motion for an extension of time in the dockets of the other three appeals listed above, but the court interprets the motion as directed to all of the appeals because the face of the motion lists multiple case numbers.

January 6, 2016, two days after the deadline to file designations. The court may grant an extension of time "on motion made after the expiration of the specified period" if the moving party shows that "the failure to act was the result of excusable neglect." Fed. R. Bankr. P. 9006(b)(1).

Appellant does not explicitly argue that her delay in filing a motion for an extension of time was due to excusable neglect. However, appellant's motion notes that she had requested consolidation of multiple appeals. Case No. 15-cv-6135, Dkt. No. 3 at 3. Because the necessary designations of the record in each case might change depending on whether the appeals were consolidated, the court finds that appellant's delay in seeking an extension of time was excusable in this case. The court notes that appellee has filed no objection to the request for an extension of time. Accordingly, appellant's designations of record in the two consolidated appeals are due on February 18, 2016.

## III.  ORDER

For the reasons explained above, the court consolidates appellant's four appeals into two cases as follows:

Case numbers 15-cv-6134 and 15-cv-6135 are hereby consolidated into case number 15-cv-6134. The clerk shall close the file in case number 15-cv-6135.

Case numbers 16-cv-0165 and 16-cv-0166 are hereby consolidated into case number 16-cv-0165. The clerk shall close the file in case number 16-cv-0166.

Appellant's designations of the record in the two consolidated appeals are due on February 18, 2016. The briefing schedules in the above appeals shall follow Bankruptcy Local Rule 8010-1.

**IT IS SO ORDERED.**

Dated: February 10, 2016

_Ronald M. Whyte_
Ronald M. Whyte
United States District Judge