UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JACQUELINE C. MELCHER,<br><br>    Appellant,<br><br>    v.<br><br>JOHN W. RICHARDSON, Trustee in Bankruptcy,<br><br>    Appellee. | Case No. 15-cv-06134-RMW<br><br>**ORDER AFFIRMING BANKRUPTCY COURT'S ORDERS RE: ADMINISTRATIVE EXPENSES**<br><br>Re: Dkt. Nos. 54, 60 |

Appellant Jacqueline Melcher appeals two orders of the bankruptcy court entered in Case No. 01-53251: 1) Order Denying Request for Leave to File Objection to Ch. 7 Trustee's Request for Retroactive Authority for Payment of Miscellaneous Ch.7 Administrative Expenses, Bankr. Dkt. No. 3896, and 2) Order Authorizing Payment of Chapter 7 Administrative Expenses, Bankr. Dkt. No. 3898. The court heard argument on August 19, 2016. The bankruptcy court's orders are affirmed. Appellant's motion to file additional excerpts of the record, Dkt. No. 60, does not identify relevant excerpts of the record and is therefore denied.

**I.  BACKGROUND**

Appellant filed a Chapter 11 petition in June 2001, which was converted to a Chapter 7 case in September 2008. On November 6, 2014, the bankruptcy court entered an order requiring appellant to obtain court permission before filing any further pleadings. ER0031-35. The order

1

included the following provision:

> Debtor may obtain relief from this injunction by filing an application for leave and attaching a copy of this Order and a copy of the document(s) that Debtor seeks leave to file. The copy of the document sought to be filed will be treated as an exhibit to the request for leave. If leave is granted, the document will be placed on the docket, along with a copy of the order granting leave. The Court will permit the filing of the pleading only if it appears that the pleading has merit and is not duplicative of matters previously ruled upon by this Court and/or an appellate court, and has not been filed for the purposes of harassment or delay.

ER0034.

On November 10, 2015, the trustee, John W. Richardson, filed notice of a motion for retroactive approval of miscellaneous administrative expenses that had been incurred in preserving assets of the bankruptcy estate. ER0068-78. The trustee indicated that the motion had "become necessary through the interpretation of a recent Ninth Circuit Court of Appeal case in which the Ninth Circuit held that notice and opportunity for hearing is required before a trustee can pay Chapter 7 administrative expenses." ER0079 (citing *In re Cloobeck*, 788 F.3d 1243, 1246 (9th Cir. 2015)). The trustee noted that *In re Cloobeck* "has been interpreted as requiring trustees to seek retroactive approval of all expenses in a bankruptcy case to the extent notice was previously not given" and sought approval of administrative expenses incurred and disbursed "in preserving assets of the bankruptcy estate" since August 1, 2011. ER0079-80. The trustee's notice stated that any objection must be filed within twenty-one days in accordance with Rule 9014-l of the Bankruptcy Local Rules for the Northern District of California. ER0069.

On December 2, 2015, appellant filed a request for permission to object to the trustee's motion, attaching the proposed objection and a declaration as exhibits. ER0082-88. The bankruptcy court denied appellant's request and then granted trustee's request for retroactive authorization of the administrative expenses identified in the notice as unopposed. ER0089-91; ER0092-93. Appellant appeals both orders.

## II.   ANALYSIS

The bankruptcy court's factual findings are reviewed for "clear error" and must be accepted "unless, upon review, the court is left with the definite and firm conviction that mistake has been committed by the bankruptcy judge." *In re Greene*, 583 F.3d 614, 618 (9th Cir. 2009)

(citations omitted). A court's vexatious litigant order is reviewed for abuse of discretion. *See De Long v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir. 1990). A court's exercise of its power to regulate appellant's conduct in accordance with a vexatious litigant order is similarly reviewed for abuse of discretion. *See In re Haugen*, 243 F. App'x 288, 290 (9th Cir. 2007); *see also In re Fillbach*, 223 F.3d 1089, 1091 (9th Cir. 2000) (finding no abuse of discretion where district court dismissed bankruptcy petition that was filed in an attempt to evade bankruptcy court's pre-filing order).

The court finds no clear error or abuse of discretion in the bankruptcy court's order denying appellant's request to file an objection to the trustee's administrative expenses motion. The bankruptcy court denied appellant's request for the following reasons:

1. It does not conform to the requirements established in this court's November 6, 2014 Pre-Filing Order, as modified by the December 2, 2014 Order (collectively, the "Pre-Filing Orders"). Docket nos. 3726 and 3744. It does not include a copy of the Pre-Filing Orders as exhibits.

2. The Request was filed on December 2, 2015. The last day to object to the Motion was December 1, 2015. 1 As such, even if the Request were granted, the objection would not be considered timely and the court would not consider it.

3. As required by the Pre-Filing Orders, the court has reviewed the Request and finds that the proposed objection (1) has no merit as it largely addresses irrelevant matters and has no basis in law or fact, and (2) is duplicative of prior filings on which the court has previously ruled. The court finds there is a sufficient objective basis to conclude that the Request is motivated by an effort to harass or delay the Trustee's closing of this estate.

ER 0089-90. In a footnote, the bankruptcy court acknowledged that "Debtor appears to have tried to file the Request on December 1, 2015 according to the declaration of James Hajik of County Legal Service at page 6 of Docket no. 3893." ER0090 at n.1.

Appellant does not address her failure to conform her request to the requirements of the order, and the record supports the bankruptcy court's finding that the request did not include a copy of the pre-filing orders as exhibits. *See* ER0082-88. Appellant states that she "filed an application for leave to file an objection and a declaration in response to the Trustee's request for retroactive authority for payment of miscellaneous Chapter 7 administrative expenses on December 1, 2015." Dkt. No 54 at 12. The record indicates, however, that appellant filed her

3
15-cv-06134-RMW
ORDER AFFIRMING BANKRUPTCY COURT'S ORDERS RE ADMINISTRATIVE EXPENSES
FC

request on December 2, 2015. *See* ER0082-88. Even if appellant attempted to timely file the request, the bankruptcy court did not abuse its discretion in considering it untimely.

Nor does appellant identify error in the bankruptcy court's finding that the proposed objection "largely addresses irrelevant matters" and "is duplicative of prior filings on which the court has previously ruled." Although appellant's proposed objection contained some initial discussion of the contents of the trustee's notice, the proposed objection also included argument on matters not properly before the court, including the homestead exemption. *See* ER0083-85. The homestead exemption was explicitly cited by the bankruptcy court as an example of appellant's duplicative or frivolous arguments in its order imposing pre-filing restrictions. *See* ER0034. On this record, the court cannot say that the bankruptcy court abused its discretion in concluding that the request was "motivated by an effort to harass or delay the Trustee's closing of this estate."[1]

The bankruptcy court's denial of leave to file an objection is affirmed. Having affirmed the bankruptcy court's denial of leave to object, the court finds no abuse of discretion by the bankruptcy court in granting the unopposed motion for administrative expenses.

The court further notes that plaintiff has not established standing to appeal the award of administrative expenses. "To have standing to bring this appeal, appellant must demonstrate that she was directly and adversely affected pecuniarily by the order of the bankruptcy court." *Matter of Fondiller*, 707 F.2d 441, 443 (9th Cir. 1983). "[A] hopelessly insolvent debtor does not have standing to appeal orders affecting the size of the estate. Such an order would not diminish the debtor's property, increase his burdens, or detrimentally affect his rights." *Id.* at 442 (internal citations omitted). "Efficient judicial administration requires that appellate review be limited to those persons whose interests are directly affected." *Id.* at 443. Appellant has not demonstrated

---

[1] On December 7, 2015, the bankruptcy court modified the pre-filing order to strike the words "has merit and" in accordance with instructions from the Bankruptcy Appellate Panel. *See* Bankr. Dkt. Nos. 3905, 3925; *In re Melcher*, No. BAP NC-14-1573-TADJU, 2015 WL 8161915, at *5 (B.A.P. 9th Cir. Dec. 7, 2015) (remanding "to the bankruptcy court with instructions that it strike the "has merit and" phrase from page four, line 19 of the Pre–Filing Order"). Because the bankruptcy court's order is affirmed on all other reasoning, this court need not consider the bankruptcy court's finding that appellant's proposed objection had "no merit."

that she was directly and adversely affected by the order. Appellee contends that the estate is insolvent, and that it is "impossible that the Debtor would benefit economically if the order granting retroactive authority were reversed." Dkt. No. 55 at 7, 9. Appellant does not suggest otherwise and therefore lacks standing.[2] *See, e.g.*, *In re Catron*, No. 15-CV-05733-YGR, 2016 WL 738234, at *3 (N.D. Cal. Feb. 25, 2016) (dismissing appeal of sale orders for lack of standing where the debtor did not show likelihood of a surplus after bankruptcy).

### III.   CONCLUSION

For these reasons, the bankruptcy court's orders regarding retroactive authorization of administrative expenses are affirmed.

**IT IS SO ORDERED.**

Dated: August 22, 2016

_Ronald M. Whyte_
Ronald M. Whyte
United States District Judge

---

[2] Appellee does not establish the insolvency of the estate on the record submitted to this court. Appellee misquotes the Bankruptcy Appellate Panel's November 16, 2014 order imposing pre-filing restrictions on appellant. The panel did not hold that the "record establishes beyond any question that estate assets have all been used up." *See* Dkt. No. 55 at 7. Rather, the panel found that "the record establishes beyond any question that estate assets have *been all but used up*." ER0026 (emphasis added). However, it is appellant's burden to show that she has standing. *See Fondiller*, 707 F.2d at 443. Moreover, the B.A.P. recently found "no question that a once solvent estate is now insolvent due to the Debtor's protracted efforts to stall the sale of Stonewall and other real properties," *In re Melcher*, No. BAP NC-14-1573-TADJU, 2015 WL 8161915, at *4 (B.A.P. 9th Cir. Dec. 7, 2015), and appellant herself purports to describe "how the trustee and his attorney managed to turn a multi-million dollar solvent estate into an insolvent estate" in a reply brief recently filed in a related appeal, Case No. 5:16-cv-00165-RMW, Dkt. No. 65 at 5 (formatting omitted). The December 7, 2015 B.A.P. order and appellant's reply brief were not part of the record designated by either party in this appeal, but the court exercises its discretion to take judicial notice of these filings. *In re E.R. Fegert, Inc.*, 887 F.2d 955, 958 (9th Cir. 1989) (holding that appellate court may take judicial notice of underlying bankruptcy record).